**Jack Goode HALE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13809.**

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1965.

James D. Bass, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Jack Goode Hale, defendant below, was charged by information filed in the Municipal Criminal Court of the City of Tulsa, Tulsa County, Oklahoma, with the offense of possession of narcotics paraphernalia, was tried, convicted by a jury, his punishment fixed at imprisonment in the county jail for ninety days, and has attempted to appeal.

The State has filed a motion to dismiss the appeal on the ground that the petition in error with casemade attached was not filed with the clerk of this Court within the time provided by statute, and, therefore, this Court is without jurisdiction to hear and determine the appeal.

This case was called for trial on April 26, 1965, and the jury returned a verdict on the same day. The judgment and sentence was not entered until May 28, 1965. The petition in error with casemade was not filed in this Court until September 28, 1965, more than one hundred twenty days after the date of the judgment and sentence.

Title 22 O.S.A. § 1054 in force at the time the judgment and sentence was rendered herein, provided that an appeal in a misdemeanor case should be perfected within one hundred twenty days from the date of the judgment.

This Court has repeatedly held that an appeal to this Court may be taken by a defendant as a matter of constitutional right from any judgment of conviction rendered against him in a court of record; but the statutes regulating the time and manner of exercising that right are mandatory, and the appeal must be taken in the manner prescribed. Woods v. State, Okl.Cr., 346 P.2d 950; Smith v. State, Okl.Cr., 359 P.2d 243; Walker v. State, Okl.Cr., 378 P.2d 783, and cases cited.

For the reason stated, the motion of the Attorney General to dismiss the appeal must be sustained,

The appeal is dismissed.

BUSSEY, P. J., and NIX, J., concur.