This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BURKE INSURANCE GROUP, INC.,**

Plaintiff-Appellee/Counter-Defendant,

and

**BURKE INSURANCE GROUP, LLC,**

Appellee/Counter-Defendant,

v.                                                   **NO. 29,858**

**ROBERT J. SHUYA,**

Defendant-Appellant/Counter-Plaintiff.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Keleher & McLeod, P.A.
Charles A. Pharris
Thomas C. Bird
Cassandra R. Malone
Albuquerque, NM

for Appellee/Counter-Defendant

Michael Allison

Albuquerque, NM

for Appellant/Counter-Plaintiff

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant and Counter-Plaintiff Robert Shuya appeals from the judgment on a jury verdict in favor of Plaintiff and Counter-Defendant Burke Insurance Group, Inc. and Counter-Defendant Burke Insurance Group, LLC (collectively "Burke Insurance"). On appeal, Shuya argues that (1) the jury's denial of his counterclaims based on the theory of offset is not supported by the pleadings or evidence, (2) the jury's award of liquidated damages was not properly supported by the evidence, (3) the jury's award of punitive damages is not supported by the evidence, and (4) the district court's award of attorney fees was improper. We affirm.

**BACKGROUND**

Shuya appeals from the judgment on a jury verdict in favor of Burke Insurance. The dispute arose out of Shuya's employment as an insurance and bonding producer by Burke Insurance. His employment was first governed by an employment agreement dated December 26, 1997.

In early 2001, Will Burke (Burke), the principal of Burke Insurance, presented Shuya with a second employment agreement (the Agreement). This second

Agreement superceded all prior agreements. Relevant to this appeal, the Agreement contained (1) a confidentiality provision, in which Shuya agreed to not disclose, use, or permit the use of trade secrets for the purpose of competition against Burke Insurance; (2) a non-compete provision prohibiting Shuya from investing in an entity that sells, or participating in the sale, of any product or service offered by Burke Insurance; and (3) a non-solicitation provision prohibiting Shuya from contacting or soliciting customers, clients, or accounts of Burke Insurance. Each provision contained a section stating that "[i]n the event of a breach by [Shuya of the provision, Burke Insurance] shall be entitled to liquidated damages of three (3) times [Shuya]'s commissions for the 12 months prior to his termination." The Agreement also contained a provision providing that the "prevailing party . . . shall be entitled to recover all reasonable costs," including reasonable attorney fees in the event of litigation under the Agreement.

The Agreement provided Shuya with a right to purchase his book of business if he met a vesting requirement, which was that his book of business had to be worth $100,000 on his third anniversary of his employment. Under the Agreement, for each year that Shuya worked after vesting, he was entitled to purchase ten percent of his book of business for $1. To the extent that he worked less than ten years after vesting, he could purchase the unvested portions of the book of business by paying the amount

3

of commissions for the unvested portions for the previous twelve months. In the event that Shuya attempted to purchase his book of business, the Agreement provided Burke Insurance with a "right of first refusal." In order to exercise the right of first refusal, the Agreement required Burke Insurance to pay Shuya the amount that Shuya would have had to pay to purchase the book of business.

Shuya remained employed by Burke Insurance until February 1, 2003, when Burke informed Shuya in a meeting that Burke Insurance was terminating his employment. On February 7, 2003, Burke sent a letter memorializing the termination and reminding Shuya about the continuing applicability of the non-compete, non-solicitation, and confidentiality provisions of the Agreement. On February 20, 2003, Shuya sent a letter informing Burke Insurance that he intended to purchase his book of business. On March 17, 2003, Burke Insurance notified Shuya that it was "exercising its first right of refusal to sell the book" of business. Burke Insurance never made a payment to Shuya for exercising its right of first refusal.

Burke Insurance filed this action against Shuya in the district court, claiming breach of contract, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, breach of good faith and fair dealing, violation of the Unfair Practices Act, misappropriation, defamation, tortious interference with contract, conspiracy, prima facie tort, trespass to chattels, respondeat superior/vicarious liability, and

entitlement to remedies. Shuya counterclaimed for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment stemming from Burke Insurance refusing to sell Shuya the book of business and not tendering payment for exercising the right of first refusal. After a trial, the jury found in favor of Burke Insurance for its claims against Shuya. The jury answered special interrogatories, stating that it found that Shuya breached the non-solicitation, non-competition, and confidentiality provisions contained in the Agreement. The jury awarded compensatory damages in the amount of $308,874 based on the liquidated damages provisions in the Agreement. The jury also awarded Burke Insurance $70,000 in punitive damages, finding that Shuya acted maliciously, recklessly, or oppressively. The jury found in favor of Burke Insurance on Shuya's counterclaims. The district court awarded Burke Insurance attorney fees and costs pursuant to the Agreement and the New Mexico Uniform Trade Secrets Act, NMSA 1978, §§ 57-3A-1 to -7 (1989).

On appeal, Shuya argues that (1) the jury's denial of his counterclaims based on the theory of offset is not supported by the pleadings or evidence, (2) the jury's award of liquidated damages was not properly supported by the evidence, (3) the jury's award of punitive damages is not supported by the evidence, and (4) the district court's award of attorney fees was improper.

**SUFFICIENCY OF THE EVIDENCE**

**Standard of Review**

Shuya's arguments are a challenge to the sufficiency of the evidence upon which the jury's verdict was based. "If the verdict below is supported by substantial evidence, which we have defined as such relevant evidence that a reasonable mind would find adequate to support a conclusion, we will affirm the result." *Weststar Mortg. Corp. v. Jackson*, 2003-NMSC-002, ¶ 8, 133 N.M. 114, 61 P.3d 823 (internal quotation marks and citation omitted). We review the evidence in a light favoring the verdict and resolve conflicts in favor of the prevailing party. *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 12, 146 N.M. 853, 215 P.3d 791. "It is not the task of a reviewing court to sit as a trier of fact or to reweigh the evidence." *Weststar Mortg. Corp.*, 2003-NMSC-002, ¶ 8.

**Shuya's Counterclaims**

Shuya argues that the denial of his counterclaims based upon the theory of "offset" is not properly supported by the pleadings or the evidence. Shuya contends that Burke testified that his only excuse for refusing to allow Shuya to buy the book of business or tender payment for exercising the right of first refusal was because he believed that Shuya owed Burke Insurance money for breach of the non-competition

6

provisions of the Agreement, that the breach effectively "offset" Shuya's right to purchase his book of business, and that there was no "real evidence" to support this testimony. Shuya premises his argument on an assertion that he properly exercised his rights to purchase his book of business, that Burke exercised its right of first refusal, but that Burke never paid the money necessary to exercise the right of first refusal.

However, Burke Insurance responds that it "did not necessarily prevail on an 'offset' theory and did not have to prevail on an 'offset' theory for the jury to deny . . . Shuya's claims" based on the jury instructions in this case. Indeed, the district court provided a jury instruction titled "Burke Insurance's statement of denial and affirmative defenses" to Shuya's counterclaims. The instruction stated that "Shuya's prior breach or failure to satisfy conditions of the [Agreement], whether known to Burke Insurance at the time of the breach or not, relieved Burke Insurance of any duty of performance under the [Agreement]." Shuya did not object to this jury instruction nor does he argue on appeal that this jury instruction was erroneous as a matter of law. This instruction therefore became the law of the case. *See Sandoval*, 2009-NMCA-095, ¶ 43 ("The sufficiency of the evidence is measured against the jury instructions, because they become the law of the case.").

Burke Insurance presented sufficient evidence that a reasonable mind could find

adequate to support a conclusion that Shuya breached the Agreement's provision pertaining to an employee's duties and responsibilities prior to his termination. *See Weststar Mortg. Corp.*, 2003-NMSC-002, ¶ 8. Burke Insurance presented evidence that Shuya's performance in mishandling several accounts and failing to correct or obtain financial information relating to several accounts violated his contractual responsibilities pertaining to performance. Burke Insurance also presented evidence that Shuya misrepresented himself to a client as an attorney- in-fact for an insurance company and issued bonds without authorization from Burke Insurance. Further, Burke testified that Shuya issued a bond in direct contradiction to Burke's order. He further testified that Burke Insurance refused to sell the book of business to Shuya because Shuya violated the Agreement and that the violations provided a right to refuse to sell the book of business. This evidence alone is sufficient to support a jury finding that Shuya breached the Agreement before his termination and relieved Burke Insurance of any further duty of performance, including payment for exercising its right of first refusal.

Additionally, sufficient evidence supported the jury's conclusion that Shuya violated the non-compete, non-solicitation, and confidentiality provisions of the Agreement after termination and thereby relieved Burke Insurance of any obligation to purchase his book of business. The termination letter sent to Shuya by Burke

8

Insurance reminded Shuya that the non-compete, non-solicitation, and confidentiality provisions survived past Shuya's termination. Burke also testified that under the contract, the confidentiality, non-solicit, and non-compete provisions of the Agreement survived the termination of Shuya. Burke provided testimony that Shuya failed to return confidential information upon his termination and that it therefore excused Burke Insurance of any obligation to purchase the book of business because Shuya's action violated the confidentiality provision. Further, Shuya admitted in his testimony that he violated the non-competition and non-solicitation provisions of the Agreement after his termination. A reasonable factfinder could conclude from the evidence at trial that Shuya breached the conditions of the Agreement both before and after Burke Insurance terminated Shuya's employment and thereby relieved Burke Insurance from any further obligation under the Agreement, including purchasing Shuya's book of business after exercising its right to first refusal. Sufficient evidence supported the jury's denial of Shuya's counterclaims.

**Liquidated Damages**

Shuya next argues that the jury's award of liquidated damages against Shuya was not properly supported by the evidence and the award of liquidated damages is therefore legally improper. The damages awarded were based on a calculation of three times Shuya's commissions for the previous twelve months pursuant to the

Agreement. The district court provided the jury with an instruction stating that:

> Liquidated damages must be awarded under the terms of the . . . Agreement if . . . Shuya breached § 9, § 10, or § 12, so long as the set amount for the liquidated damages is reasonable in light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. As a general rule, enforcement of a liquidated damages clause will only be denied when the stipulated amount is so extravagant or disproportionate as to show fraud, mistake or oppression. The standard, however, is not furnished by Burke Insurance's actual loss or injury, but by the loss or injury which might reasonably have been anticipated at the time the contract was made.

Shuya did not object to the jury instruction at trial, nor does he challenge the propriety of the jury instruction on appeal as an incorrect statement of law relating to liquidated damages. *See Gruschus v. C.R. Davis Contracting Co.*, 75 N.M. 649, 655, 409 P.2d 500, 504 (1965) (stating that a liquidated damage clause will be enforced if the amount is not "so extravagant or disproportionate as to show fraud, mistake or oppression" in relation to "the loss or injury which might reasonably have been anticipated at the time the contract was made"). He only challenges the sufficiency of the evidence supporting the jury's award based on the liquidated damages provision.

Particularly, Shuya argues that "Burke Insurance provided no evidence to demonstrate that the measure of liquidated damages had any relation to 'the loss or injury which might reasonably have been anticipated at the time the contract was made.'" He contends that Burke Insurance "failed to present any evidence to the jury

10

regarding any attempts to estimate its actual damages, at the time the contract was made, in the event that Shuya violated the covenants against competition."

However, Burke testified regarding the liquidated damages provision. He testified that the amount was fair because "[i]t is so difficult to measure what liquidated damages are. We lost—we lost accounts. How much future income would they have generated for us? How much time did I invest to keep the existing accounts? How much time did my staff spend? How much time did we deal with E and O claims? It's so hard to put an exact number on the cost. And this is what we came up with, and this is what . . . Shuya agreed to and I agreed to." He further testified that he did not "sit down and try to estimate what [his actual] damages might be if . . . Shuya violated the covenant not to compete[, because it] would be impossible to do . . . in 1997 when [Shuya] came to work" for Burke Insurance.

Looking at Burke's testimony in the light most favorable to the verdict, Burke's testimony could have provided a reasonable factfinder a conclusion that the formula in the Agreement for damages is the reasonable amount of damages anticipated at the time the Agreement was signed. Further, Burke's explanation of the formula is sufficient for a jury to conclude that the amount is proportionate to the amount of damages anticipated and is not extravagant. His testimony established that Burke Insurance took into account the loss of accounts, as well as the time and overhead

11

costs from potential lost accounts, in arriving at the formula for liquidated damages. With this testimony, we cannot say that the liquidated damages provision provided an unreasonably large damages award to Burke Insurance. *See Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 10, 123 N.M. 526, 943 P.2d 560 (stating that an "unreasonably large liquidated damages [award] is ordinarily unenforceable on grounds of public policy because it goes beyond compensation into punishment").

**Punitive Damages**

Shuya next argues that the punitive damages entered against him in favor of Burke Insurance cannot stand because "the only compensatory damage claim awarded by the jury" was the liquidated damage claim, which he argues that we must set aside. *Gonzales v. Sansoy*, 103 N.M. 127, 129, 703 P.2d 904, 906 (Ct. App. 1984) ("An award of punitive damages must be supported by an award of compensatory damages."). However, because we have upheld the compensatory damage award based on the liquidated damages provision, the predicate of Shuya's argument fails, and we uphold the punitive damages award.

**Attorney Fees**

Shuya argues that the "award of attorney[] fees for Burke Insurance is improper in light of [Burke Insurance's] own breach of the [Agreement,] which purportedly authorizes the award of such fees." The district court awarded Burke Insurance

12

attorney fees and costs pursuant to the Agreement and the New Mexico Uniform Trade Secrets Act, Sections 57-3A-1 to -7. Shuya recognizes that "New Mexico law recognizes that the parties to a contract may agree in that contract to authorize an award of attorney fees and that an agreement granting such authority may be valid and enforceable under New Mexico law." *See State ex rel. Solsbury Hill, LLC v. Liberty Mut. Ins. Co.*, 2012-NMCA-032, ¶ 44, 273 P.3d 1 (upholding the award of attorney fees as provided for in a contract), *cert. granted*, 2012-NMCERT-003, ___ P.3d ___. However, he argues that the district court should have exercised its discretion and not allowed attorney fees in this case because Burke Insurance breached the Agreement by failing to pay Shuya for his book of business. *See McClain Co. v. Page & Wirtz Constr. Co.*, 102 N.M. 284, 285, 694 P.2d 1349, 1350 (1985) (stating that "[w]e find no New Mexico case where an award of attorney[] fees was made to a party found to have breached his agreement"). However, because we have held that a reasonable factfinder could conclude from the evidence at trial that Shuya breached the conditions of the Agreement both before and after Burke Insurance terminated Shuya's employment and thereby relieved Burke Insurance from any further obligation under the Agreement, including purchasing Shuya's book of business after exercising its right to first refusal, the district court did not err by awarding attorney fees.

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**